CASE 23—PETITION ORDINARY—FEBRUARY 3.

# North vs. Robinson.

**APPEAL FROM GALLATIN CIRCUIT COURT.**

1. A promise made by a third person, on sufficient consideration, to a subscriber of stock in a corporation, that such third person would be answerable to the corporation for all liability on the subscription of stock, is not within the statute of frauds. (1 Rev. Stat., p. 264.)

2. The statute applies only to promises made to the person to whom another is bound; and not to promises made to the debtor. (11 Ad. & Ell., 438; 39 E. C. L. R.; 13 Meis. & W., 569; 4 Hill, 178.)

J. J. LANDRAM, for appellant, cited 2 Parsons on Contr., p. 302 and notes; Smith on Contr., pp. 166, 123, 142; 7 B. M., 6.

SIMPSON & SCOTT, for appellee.

CHIEF JUSTICE DUVALL DELIVERED THE OPINION OF THE COURT:

This is an appeal from a judgment of the court below sustaining a demurrer to the petition, and dismissing the action. The only question, therefore, is, whether the facts stated in the petition constitute a valid cause of action.

The plaintiff alleges, in substance, that in January, 1853, he subscribed two thousand dollars stock in the Louisville and Covington Railroad, for which he executed two bonds, each for $1,000, payable to the company ten years from date, with interest at the rate of six per cent. per year, payable semi-annually, for which interest coupons were attached to the bonds; that he also executed a mortgage on certain real estate to secure the payment of the bonds and interest; that in June, 1854, the president and directors of the company resolved and agreed that any stockholders who desired it might be, and were thereby authorized to be, released from their subscription, on the payment of thirty-one per centum thereon, on or before the first of August proximo; and that any stockholder who had subscribed, payable in ten years, secured by bond and mortgage, be allowed to reduce his subscription one half, provided, that, when so reduced, such subscription should be payable in cash upon call as other cash subscriptions; and provided further, that

one per cent. of the subscription so reduced be paid to the company before the 1st August proximo; that the defendant, Robinson, was at the time largely indebted to the company for stock subscribed, which indebtedness was about to involve him in serious pecuniary difficulty, and he was therefore greatly interested in raising funds for the immediate use of the company, thereby to relieve himself, as far as possible, from responsibility on his own subscription; and he therefore urged the plaintiff to accept the proposition made by the company, as before stated; that the plaintiff hesitated on the ground that such acceptance would not, as he believed, release him from his original subscription, but that he would still be liable for the amount of the two bonds and interest; that thereupon the defendant guaranteed, agreed, and promised that, if the plaintiff would accept and comply with the said proposition, he, the defendant, would forever release the plaintiff from any responsibility arising from his original subscription and contract for $2,000, and would assume the liability of the plaintiff upon said subscription and save him harmless on account of the same; that relying upon said guaranty and promise of the defendant, the plaintiff did accept said proposition, and complied with all the obligations it imposed, by reducing his stock to one half cash stock and paying the same on calls, and by paying the thirty-one per cent. of the amount before the said 1st of August; that the defendant has failed to keep and perform his agreement and promise, but, on the contrary, has allowed the said railroad company, by suit in the Louisville Chancery Court, to enforce the plaintiff's original subscription of stock, and to obtain a judgment for the sum due thereon, which judgment the plaintiff has been compelled to satisfy.

The demurrer to this petition was sustained, as is supposed, on the ground that the agreement, as set out, was within the statute of frauds, and, as it was not shown to have been in writing, that no action could be maintained thereon.

But it is to be observed that this was not a promise made by the defendant to the railroad company, to be answerable for the debt of the plaintiff. The promise was made directly to the debtor himself. It was an original, independent contract,

founded on a sufficient consideration by which the defendant agreed to assume whatever ultimate or contingent liability the plaintiff might thereafter be subjected to on his original subscription of stock, and to release him from such liability.

That the statute of frauds applies only to promises made to the person to whom another is already, or is to become responsible, and not to promises made to the debtor, on a sufficient consideration, may be now regarded as conclusively settled both in England and in this country.

" It is singular," says Smith in his work on contracts, p. 166, " that this question never should have received a judicial decision until it came before the Court of Queen's Bench a short time since in the case of *Eastwood vs. Kenyon.*" (11 *Ad. & Ell.*, 438 ; 39 *E. C. L. R.*)  In that case the plaintiff was liable to a Mr. Blackburne on a promissory note, and the defendant promised the plaintiff to discharge the note to Blackburne. The court held that this was not a promise to answer for the debt of another within the meaning of the fourth section of the (English) statute of frauds.  " If," said Lord Denman, " the promise had been made to Blackburne, doubtless the statute would have applied ; it would then have been strictly a promise to answer for the debt of another.  And the argument on the part of the defendant is, that it is not less the debt of another because the promise is made to that other, viz : the debtor, and not the creditor, the statute not having stated in terms to whom the promise contemplated by it is to be made.  But, upon consideration, we are of opinion that the statute applies only *to promises made to the person to whom another is answerable.* We are not aware of any case in which the point has arisen, or in which any attempt has been made to put that construction upon the statute which is now sought to be established, and which we think not to be the true one."

The same point was decided in the cases of *Hargreaves vs. Parsons*, 13 *Meis. & Wels.*, 569, *and Johnson vs. Gilbert*, 4 *Hill*, 178.

We are satisfied, therefore, that this case is not within the *first section* of the chapter on contracts (1 *Rev. Stat.*, *p.* 264), the provisions of which, so far as applicable to the present ques-

tion, are not essentially different from the English statute of frauds.

There can be no doubt of the sufficiency of the consideration stated in the petition.

The judgment is therefore reversed and the cause remanded, with directions to overrule the demurrer to the petition, and for further proceedings not inconsistent with the principles of this opinion.