SAMUEL ORR *v.* A. J. COLLEY.

Statute of Frauds—Contracts—Consideration.
> A parol promise to pay the debt of another, not reduced to writing, is not enforcible because of the statute of frauds, but a contract with a debtor founded upon a valuable consideration to pay the debt which he, the debtor, owes to the creditor is binding.

Consideration.
> Where one person in consideration of the sale of another's interest in a certain business, promises to pay off a debt of such other person and fails to do so and hence the vendor of such business interest is forced to pay the same, he may recover the amount from his vendee, who agreed to pay such debt.

## APPEAL FROM GRAVES CIRCUIT COURT.

### November 3, 1876.

Opinion by Judge Elliott:

It appears from the record that the sheriff of Graves county had rented what was known as the Waller and Pryor house in Mayfield, Graves county, Ky., to another, Gardner, and that afterwards Gardner rented the lower east room to the appellee and J. N. Colley, to be kept and used as a barroom, at the price of one hundred thirty-five dollars, due the first day of January, 1865.

The evidence conduces to show that some time after this contract was made appellee sold his interest in said barroom to the appellant and B. F. Colley, and his former partner, J. N. Colley, and that by the terms of said sale the said appellant and B. F. Colley were to pay off and discharge the $135 note executed by appellee to Gardner, which they failed to do. Judgment having been obtained against said appellee by Gardner, and he having paid the same, he instituted this action to recover the amount so paid. The important question involved is as to whether the promise by appellant, if made, to pay said note to Gardner, is binding although not made in writing. A parol promise to pay the debt of another is not enforcible by reason of the statute of frauds, but a contract with a debtor founded upon a valuable consideration to pay the debt which he, the debtor, owes to the creditor, is binding, and a recovery can be had for its violation. *North v. Robinson,* 1 Duv. 73.

If, therefore, appellant promised the appellee, in consideration of the sale of the said appellee's interest in the said barroom and grocery, to pay off and discharge the said note executed by said appellee to Gardner, for the rent of said house, and failed to do so, and afterwards said appellee was by legal coercion forced to pay the same, there can be no doubt but that he could recover the amount so paid against said appellant.

The evidence is conflicting as to the agreement by appellant to pay the Gardner note; but the cause was submitted to a jury, and as the evidence was conflicting, their verdict must be considered conclusive on the facts of said case; and in our opinion the law was correctly ruled by the instructions of the court.

The judgment must be *affirmed.*

*Stubblefield & Smith,* for appellant.
*J. C. Gilbert, W. W. Tice,* for appellee.