JUDGE GOFER
delivered the opinion oe the court.
The case of Doniphan, &c. v. Gill (1 B. Mon. 199) seems to be conclusive of this case. Doniphan & Smoot were partners. Smoot borrowed money for the firm of Mrs. Gill, and delivered to her a sealed obligation for payment signed “Doniphan & Smoot.” One partner had no authority to bind his co-partners by an instrument under seal, and when sued on the note Doniphan pleaded non est factum; and there being no evidence of express authority to bind him by a writing under seal, the action was dismissed and an action of assumpsit was brought against both for the money borrowed, and judgment was recovered in that action on account of the original consid *457 eration. The court held that the bond, although obligatory on Smoot, did not extinguish the antecedent joint assumpsit implied by law from borrowing the money, and gave as a reason for the decision that Mrs. Gill accepted the bond, not as the obligation of Smoot, but, according to its apparent import, as the joint undertaking of Doniphan & Smoot, and upon the credit of Doniphan as well as Smoot.
In this case the appellee accepted the new note, not as the note of Williams alone, but as the note of Williams & Co., the obligors in the old note, and upon the credit of the appellant as well as of Williams. That the appellee took the note signed with the name of the late firm instead of the note of Williams alone showed that he did not design to merge his demand against both into a demand against one only of the members of the firm, and rebuts the prima fade case that would have existed against him if he had taken the note of Williams alone, or, to speak more accurately, shows that no such prima fade case exists.
Counsel argues, however, that as the firm was dissolved before the new note was given, and that fact was known to the appellee, he merely made a mistake as to the law in supposing that Williams had authority to sign the firm name, and that as every person must be presumed to know the law, he is to be taken as having accepted the note as the note of Williams alone, because he must be taken to have known that in law it was only the obligation of the latter, and that this case is to be distinguished from the case supra where, as he argues, the mistake was one of fact.
There is nothing in that case to justify the conclusion that Mrs. Gill supposed that as matter of fact Smoot had authority to bind his co-partner by an instrument under seal. The only conclusion which can be drawn from the case is that the bond was executed on the assumption that one partner had implied authority to bind another by such an instrument. The misap *458 prehension was simply as to the powers resulting from the relation of partners. Smoot might have had express authority, and if it had been supposed that he had, and the bond had been accepted on that supposition, and it had turned out as matter of fact that he did not have it, then there might be some force in the argument; but the mistake there, as here, was as to the extent of the authority of a partner as such. There the parties seem to have supposed that Smoot had authority to execute a sealed instrument in the names of Doniphan & Smoot because they were partners, and in this case the parties seem to have supposed that Williams had authority to sign the name of the late firm because he had been a member of that firm and the debt for which he gave the note was a firm debt. In both cases the parties simply mistook the powers resulting from the partnership relation, and there is no more in this case than in that to warrant the conclusion that the creditor intended to accept the obligation of one partner in discharge of the liability of both.
It seems to us therefore that upon the pleadings the appellee was entitled to the judgment rendered, and it is affirmed.