### WILLIS FIELDS, ADM'R, *v.* MILDRED BARNES.

**Partnership Contract.**

   Although a former partner cannot bind the other members of the firm by the execution of a note to a creditor after dissolution of the firm, still the creditor has the right to disregard the unauthorized contract and sue on the original undertaking of the firm.

APPEAL FROM WOODFORD CIRCUIT COURT.

December 5, 1877.

OPINION BY JUDGE ELLIOTT:

Craig and Fields, while partners doing business in Versailles, executed to appellant their note for about four hundred dollars. This note having been reduced by payments to about one hundred dollars, Craig lifted it by the execution of another note in the name of the firm for one hundred dollars. This latter note was executed after the firm was dissolved, and the appellee, finding that Fields was not bound by the last note, asked Craig to take it back and give her up the old note, which he did, and the administrator of Fields complains of a judgment for the amount unpaid on his old note because it had been surrendered up and a new note given for its amount.

This court cannot say what evidence was heard in the court below, as no bill of exceptions was made out and signed in that court. It has, however, been decided by this court in the cases of *Turnbow v. Broach,* 12 Bush 455, and *Montague v. Reakert,* 6 Bush 393, that although a former partner cannot bind the other members of the firm by the execution of a note to a creditor after the firm has been dissolved still the creditor has the right to disregard the unauthorized contract and sue upon the original undertaking of the firm; and as the original undertaking in this case was evidenced by the note sued on we can see no error in the proceedings. Craig doubtless believed that for this debt which was a debt of the firm, he had a right to execute a note in the name of the firm, but finding his mistake he took the unauthorized evidence of the debt back and delivered to appellee the note executed by the firm before its dissolution,

and upon this she rightfully obtained this judgment, and the same is therefore *affirmed.*

*Craig & Field, for appellant.   H. C. McLeod, for appellee.*