JUDGE HINES
delivered the opinion of the court.
In April, 1867, the Savings Institution of Harrodsburg, incorporated and doing a general banking business, sold and transferred its assets to the private banking-house of E. Hutchison & Co., in consideration of which Hutchison & Co. assumed to pay all claims of depositors against the first-named *779 institution. At the time of the transfer of the assets of the Savings Institution to Hutchison & Co. appellee had on deposit in that institution $2,500, upon which it had been agreed he should receive six per cent per annum, to be added to the principal. This deposit, upon the terms mentioned, was transferred to the books of Hutchison & Co. with the addition of the interest then due. Subsequently the firm of Hutchison & Co., which was an ordinary partnership, issued a card to the public over the names of the members of the firm, among which was the name of appellant, setting forth the terms of the transfer, and giving assurance to depositors that their demands against the Savings Institution would be met. After the publication of the card above mentioned, another publication was made by the firm of Hutchison & Co. to the same effect, in which the name of appellant did not appear. Several members of the firm died and one withdrew, but no notice of this publication or of the death of any of the members was brought to the knowledge of appellee until the death of E. Hutchison, which occurred April 30, 1871. The business continued to be conducted under the firm-name, and on the first of January, 1872, the president or business manager indorsed on the pass-book that the firm had given appellee, that he was to receive ten per cent per annum on his deposit. In August, 1874, appellee brought this action against the members of the firm to recover the principal and interest at six per cent up to January, 1872, and for ten per cent from that time forward.
Some of the defendants filed answers, putting in issue the material allegations of the petition, but, appellant making default, judgment was rendered against him, from which he appealed to this court and secured a reversal, January 30, 1875, upon the ground that the answer of one of his co-defendants presented a defense available for each, member of the firm of Hutchison & Co., which rendered it erroneous to enter judg *780 ment against appellant before disposing of the issue thus formed. (Rouse v. Howard, 1 Duv. 31.)
The judgment thus' appealed from, as in the case on the present appeal, ignored the claim for ten per cent under the indorsement of January 1, 1872, and allowed interest at six per cent as originally contracted for.
On the return of the case to the court below appellant filed an answer denying all the material allegations of the petition, and made certain affirmative averments that will hereafter be referred to. On the hearing judgment was entered against appellant for the amount of the original deposit with six per cent interest, according to the terms of the original contract between the Savings Institution and Hutchison & Co.
On this appeal appellant complains:
First. That the petition is defective and will not support a recovery, because it is not alleged that the assumption by Hutchison & Co. of the liabilities of the Savings Institution was in writing, and that the contract is therefore within the statute of frauds.
Second. That as trustee for his son he is not personally liable.
Third. That the failure to take judgment against other defendants, members of the partnership, who were before the court, is error.
Fourth. That the agreement to pay ten per cent after the dissolution of the firm by the death of some of its members and the withdrawal of others, operated as a novation and release of appellant on the original contract to pay six per cent.
It is not questioned, that in the absence of an allegation in the petition that the contract between the Savings Institution and Hutchison & Co. was in writing, the presumption will be entertained that it was oral, and will be so treated in construing the pleadings. There are two reasons why this is *781 immaterial here: first, it is not such a contract as the statute requires to be reduced to writing; and second, the question of the sufficiency of the petition can not now be inquired into. As this matter was necessarily passed upon on the first appeal, although not adverted to in the opinion, appellant is precluded from again raising the question. (Davis v. McCorkle, ante 746.) The agreement of Hutchison & Co., for a valuable consideration, to pay the depositors of the Savings Institution, is not a promise to answer for the debt of another. The statute relied upon applies to promises made to the person to whom another is already or is to become responsible, and not to promises made to the debtor. (North v. Robinson, 1 Duv. 71.)
As to the second objection indicated to the judgment below, it is sufficient to say, that the conduct of appellant, in holding himself out to the public as individually liable, operates as an estoppel, and renders it unnecessary to consider whether he would be liable if treated as a trustee. Between himself and his associates in business another question would arise, and the private understanding insisted upon to release him would be a legitimate subject of inquiry, but here it is the contract made with appellee by his publication that determines whether he shall be held as a trustee or as an individual. That appellant was a member of the firm of Hutchison & Co., either individually or as trustee for his son, is admitted. The character of his relation to the firm was a legal issue, the finding upon which can not be disturbed unless it is flagrantly against the weight of evidence. (Judge, &c. v. Braswell, 13 Bush, 67.)
A card was issued by the firm, containing the names of the members, among which was that of appellant, setting forth substantially the contract with the Savings Institution. Some such card was exhibited to appellee by Hutchison & Co., and the names of the members of the company read to him. The *782 evidence was sufficient to authorize the court to find, first, that appellant was, in his individual capacity, a member of the firm, and that it so appeared to appellee when he consented to look to Hutchison & Co. for his deposit; second, that the card exhibited to appellee was the card to which the name of appellant appeared; third, that appellee, up to the death of E. Hutchison, had no actual notice of any dissolution of the firm. It is true that appellant says that he never signed, or authorized any one to sign the card for him, but admits that he knew of its publication, and did not disavow it. Such a ratification is tantamount to original execution.
The additional facts material to be considered, and bearing upon the third objection indicated to the judgment below, are that no judgment was rendered against C. A. Hardin, who failed to answer, and that the petition against three others who made defense was dismissed. In the judgment no reference is in any way made to the defendant Hardin. Nothing appears in the record to indicate that the attention of the court below was called to the fact that no judgment was rendered against him, but upon the other hand it is manifest that the failure to embrace Hardin in the judgment was an oversight in drawing it, of which appellant did not at the time complain.
These facts pertinently present the inquiries, first, is the failure of the court to enter judgment against one of several members of a partnership, when all are before the court, a reversible error available to one of the partners against whom the judgment was rendered; second, is appellant, having failed to ask that judgment be rendered against his co-defendant, and not having specifically excepted in the court below to such failure, in a condition to insist upon a reversal on that ground ?
Such a partnership liability is unquestionably joint. Whenever two or more persons enter into a contract the liability *783 thus assumed is presumed to be joint unless the terms of the agreement make it several or joint and several. At common law in a proceeding to enforce such a liability all those jointly .bound were necessary parties defendant. This requirement applied to all persons of every description with but two apparent exceptions, and one of the two was the case of a suit against a partnership in which a dormant partner was not a necessary although a proper party.' (1 Chitty on Pleadings, 42, 43.) In such case, however, the non-joinder of all the joint obligors was not necessarily fatal to' the action. If a plea in abatement was not interposed, the objection was waived, and a judgment rendered against those sued was valid. (1 Chitty on Pleadings, 46.) The effect of such a judgment was to merge the claim against the other joint obligors and prevent any proceeding against them, either severally or jointly. (Freeman on Judgments, secs. 231, 232; Pomeroy on Remedies and Remedial Rights, secs. 275, 277, and 279.)
These common-law rules as to joint and several liability upon contracts, are in effect abolished by the Civil Code.
Section 26 of Bullitt’s Code reads: “ Persons severally liable upon the same contract, and parties to bills of exchange, to promissory notes placed upon the footing of bills of exchange, or to common orders or checks, and sureties on the same, or separate instruments, may all, or any of them, or the representatives of such as may have died, be included in the same action at the plaintiff’s option.”
Section 27 is as follows: “If two or more persons be jointly bound by contract, the action thereon may be brought against all, or any of them, at the plaintiff’s option. If any of the persons so bound be dead, the action may be brought against any or all of the survivors with the representatives of all or any of the decedents, or against the latter or any of them. If all the persons so bound be dead, the action *784 may be brought against the representatives of all or of any of them. An action or judgment against any one or more of several persons jointly bound shall not be a bar to proceedings against the others.”
Section 373 reads: “ Though several defendants are summoned, judgment may be rendered against any of them, if the plaintiff would have been entitled to judgments against them in an action against them alone.”
These sections of the Code which are in substance embraced in the Codes of Arkansas, Iowa, Missouri, North Carolina, and Colorado, were manifestly intended to substitute the equitable in place of the legal doctrines upon the subject of joint and several liability and of the necessary defendants in actions brought thereon.
Under section 27 it appears as clearly as can be expressed by language that an action may be brought and judgment had against any one of several joint obligors upon any character of contract, and that such judgment will not be a bar to an action against any or all of the others. The objection that a multiplicity of suits should always be discouraged as tending to annoy and oppress parties and unnecessarily burden the courts, and that in furtherance of that view litigants should be required to dispose of as many causes of action in one proceeding, and at the same time, as can conveniently be done, is sufficiently answered by the language of the section cited and the partial remedy, for the evil results deprecated, provided by section 687, which requires the plaintiff, though successful, to pay the costs.
If section 27 is to be applied in any case there appears no sufficient reason why it should not apply in ease of a partnership liability as well as to any other joint obligation. In either instance the judgment is to be levied of the estate of any one or all of the defendants, and in either case there can be no relief by way of contribution between the joint obligors
* *785 until the defendant seeking contribution has paid the debt. The execution plaintiff has the election to coerce payment after judgment from any one of the defendants in the execution. But if a substantial difference could be pointed out between the two cases and a valid reason assigned why the hardship would be greater to one proceeded against as a member of a partnership, it would only serve as an argument to show the impolicy of the legislation, and would not be a justification to the court in disregarding the plain letter of the statute.
Section 363 of the Code provides that in actions upon contract judgment may be taken against those served with process, and the action continued as to those not served. In the case under consideration the failure of the court to render judgment against Hardin left the case as if an order of continuance as to him had been entered, and left appellant in the same situation he would have been in if Hardin had not been served with process in time for judgment at that term.
The ease of Nichols & Co. v. Burton, &c., 5 Bush, relied upon by counsel for appellant, is the only reported case to which our attention has been called where a distinction is apparently taken between a joint liability as to partners and as to other joint obligors.
The facts of that case are: Nichols & Lightburn, partners under the firm-name of Nichols & Co., were indebted on open account to Burton, for which he received the individual acceptance of Nichols. On failure to pay the acceptance, Burton brought suit against Nichols alone, obtained judgment, and return of no property. Subsequently he brought suit against both Nichols & Lightburn on the original partnership indebtedness, to which action the facts mentioned were set up in bar.
This court held that Lightburn was not liable, and appar *786 ently upon the ground that the obligation entered into by Nichols by giving the acceptance to pay the open account, being a higher evidence of the debt, and immediately available, was a sufficient consideration for the release of Lightburn by Burton. To this extent we think the case may be considered as authority, but in so far as it intimates that a suit and judgment against one partner is, of itself, a merger and satisfaction of the claim against the other partners, we do not consider it binding upon us. A decision on that point was manifestly not necessary to a disposition of the case, and it is equally manifest that it did not receive full and careful consideration. The last clause of section 27 of the Code, which is, “An action or judgment against any one or more of several persons jointly bound, shall not be a bar to proceedings against the others,”.was entirely ignored, and the doctrine of the common law substituted.
If it be conceded that it was error to render judgment against appellant without at the same time giving judgment against Hardin, does it follow that it is of such a nature as to authorize a reversal? Section 134 of the Code directs that there shall be no reversal for any error which does not affect the substantial rights of the party complaining.
That the error complained of does affect the substantial rights of the complainant must as clearly appear as the error itself. As we have already intimated, this, we think, does not appear. The record fails to show that appellant would be entitled to contribution from Hardin, even in case he paid the judgment, but if he were, a suit to settle the partnership and adjust equities would probably be necessary to enable appellant to recover any thing by way of contribution. Being liable to appellee for the whole of the claim, and failing to insist, in, the court below, upon a disposition of the case against Hardin, we think he should not be heard to complain
*787 As to the failure to enter judgment against the other defendants mentioned in the' assignment of errors, it is only necessary to say, in addition to what has been said in regard to Hardin, that an issue was formed and tried as to their liability, and that the finding of the court is not so much against the evidence as to justify a reversal.
The fourth objection by counsel for appellant to the judgment we think.untenable. The agreement to pay ten per cent per annum was made with the business manager of Hutchison & Co. after the death of E. Hutchison, a member of the firm, but manifestly with no knowledge or belief, on the part of appellee, that he was thereby releasing his claim against the original members of the firm of Hutchison & Co. While appellee had notice, prior to this agreement, of the death of E. Hutchison, there was no notice to him of the withdrawal of appellant from the firm; but, upon the other hand, the business was then being conducted in the name of the old firm, giving assurance, by the silent acquiescence of appellant, that the surviving members continued the old business with the incident power in the business-manager to adjust old liabilities.
Without elaborating, we are of the opinion that Turnbow v. Broach, 12 Bush, 455, is conclusive of this point. There has been no contract in which the minds of all the parties met, by which it was mutually agreed that the old firm of Hutchison & Co. should be released from the obligation assumed to appellee on the organization of the firm. The court below might well have found that the chief essentials of a novation were wanting. (Chitty on Contracts, page 1379.)
It is further insisted that the terms of the contract between, the Savings Institution and Hutchison & Co. do not embrace the claim of appellee. That contract provides for the payment, in terms, of “ depositors.” Counsel present the question whether that expression is broad enough to include a “loan,” *788 such as the proof in this case establishes. We understand that all deposits are loans. Whenever a deposit is made in bank the relation of debtor and creditor is established between the bank and the depositor. The identity of the particular money deposited is lost, and the relation between the parties continues the same, whether it is an ordinary or a time deposit.
Wherefore the judgment is affirmed.