## ROBERT BRASHEAR *v.* ROBERT A. MORAN, ET AL.

[Abstract Kentucky Law Reporter, Vol. 1—417.]

### Estoppel of a Married Woman.

Where a married woman owning real estate sells it, her husband joining her in its conveyance, the wife agreeing that the vendee shall pay a debt of her husband as a part of the consideration, and he either pays such debt or obligates himself to pay it, she is estopped to set up a claim against the vendee for such part of said purchase-money. A married woman must do equity before she is entitled to a favorable consideration in a court of equity.

#### APPEAL FROM MASON CIRCUIT COURT.

November 23, 1880.

OPINION BY JUDGE HINES:

Mrs. Moran, being the owner in her own right of a tract of land, united with her husband in selling and conveying it to appellant, Robert Brashear, for the recited consideration of $650. At the time of this sale and conveyance Mr. Moran was indebted to Thomas Brashear by note in the sum of $325, and it was then agreed by Mrs. Moran, and subsequently acquiesced in by Mr. Moran, that appellant should pay the remaining $200 to Thomas Brashear on the Moran note, and the deed was so drawn as to show the payment of the entire consideration of $650 agreed to be paid by appellant. Appellant notified Thomas Brashear that he was directed to pay him the $200 on the Moran debt, and it being inconvenient to pay at that time Thomas Brashear agreed to wait with appellant until it should be more convenient to pay, and immediately thereafter Thomas Brashear entered on the note of Moran a credit of $200 as paid by Mrs. Moran. Some four months subsequent to this, Mrs. Moran and husband notified appellant in writing not to pay Thomas Brashear the $200, but notwithstanding the notice appellant paid the debt to Thomas Brashear, and in this suit by Moran and wife judgment was recovered by them against appellant for the $200.

It is insisted for appellees, among other things, that Mrs. Moran being a married woman could not contract; that her agreement was without consideration; and that being a promise to pay the debt of another it is within the statute of frauds. Mrs. Moran's liability arises rather out of the doctrine of estoppel than out of contract. If by her direction appellant had paid the money immediately to Thomas Brashear no one would contend that it could be recovered back from appellant, because on the faith of Mrs. Moran's representations and direction, appellant had parted with the money; and the same rule applies when appellant, on the faith of appellee's direction and representations, assumes to pay the money, and that assumption is enforcible against him. At the time the Morans gave the written notice not to pay, the agreement on the part of the appellant to pay Thomas Brashear had become enforcible, for in consideration of appellant's promise to pay as directed by appellees Thomas Brashear had credited the Moran note by the $200, and thereby cancelled that much of the claim held against Moran. This was not an agreement on the part of appellant to pay the debt of another. It was a promise to pay his own debt which, in consideration of a release from the Morans, he had assumed to pay. *North v. Robinson,* 1 Duv. 71; *Williams v. Rogers,* 14 Bush 776.

The right of the wife to an equitable settlement out of the estate is a doctrine that does not apply to a case like this. She must do equity before she is entitled to a favorable consideration in a court of equity.

Judgment reversed and cause remanded with directions for further proceedings.

*G. S. Wall,* for appellant.

*L. W. Robertson, E. Whittaker,* for appellees.