*Turner* for plaintiff: *Owsley* for defendant.

KENNINGHAM &c<br>vs<br>BEDFORD et al.<br><br>pend any of the rights of the parties, and therefore does not operate to exonerate surety.

---

## Kenningham *et al.* vs Bedford *et al.*

### ERROR TO THE BOURBON CIRCUIT.

*Principal and surety. Contracts void and voidable. Exoneration of sureties.*

CHIEF JUSTICE ROBERTSON delivered the Opinion of the Court.

CHANCERY.<br><br>Case 100.<br><br>May 26.

THE only difference, (in the principle point,) between this case and that last decided, (*Tudor* vs *Goodloe,*) is that, in this, indulgence to the principal obligor for six months was given in consideration of $200 actually advanced by him at the date of the new contract for indulgence, and which sum was about 12 per cent. interest on the debt; and we approve this decree enjoining the creditor's judgment against the sureties.

The usurious consideration having been paid in advance, the agreement for indulgence was not *void*—the creditor could not have avoided it, the principal debtor insisting on the observance of it; and, if the creditor had disregarded it and sued on the bond before the expiration of the stipulated forbearance, the other party to the new contract might have maintained an action against him for

An executed valid contract between creditor and principal obligor for indulgence, without the assent of surety, operates his exoneration.

KENNINGHAM &c
*vs*
BEDFORD *et al.*

Such indulgence being in consideration of usurious interest paid will not change the case.

Although the party paying usury or his surety in that case may elect to avoid the contract, it is binding on creditor.

damages for violating his agreement. Having paid a valuable consideration for indulgence, he had a right to enjoy the full benefit of it.

Between the parties to it that contract was like one between an adult and an infant, which, though voidable by the minor party, is nevertheless binding on the other party.

The payment even of legal interest in advance would have been a valuable and valid consideration for forbearance; and so far as the validity of the contract, as to the creditor, was concerned, the usury did not either affect the payment of the legal interest in advance or the principal obligor's right (as against all the parties) to the indulgence for which he had paid a valuable consideration which he had a perfect right, both legal and moral, to pay. His right to the indulgence cannot be affected by the fact that either himself or his sureties might have elected to revoke the usury and make a different application of it.

Although the party who paid the usury might have elected to avoid it and require the application of it as an extinguishment, *pro tanto*, of the debt, yet the party who had received it as a part of the consideration for forbearance, could not, therefore, by his own act or volition, without the other's consent, avoid the contract for indulgence, which imposed on him a legal obligation until avoided by the only person who, as between the parties to it, could avoid it.

In the event of a final devolution of the entire debt on the sureties alone, they might, without their principal's consent, have insisted on the application of the advanced usury as a partial extinguishment of their obligation. But such ultimate right of avoidance by the sureties, so far only as they were concerned, did not, in our opinion, affect the validity of the contract for forbearance itself, so far as the only parties to it were interested therein, and one of whom only had, as *between themselves*, the right to avoid it. Had the sureties filed a bill, *quia timet*, against the principal and the obligee, might not the latter have answered that his hands were tied by a new contract for forbearance for a valuable and, as to himself, binding con-

sideration; and might not the former, with equal effect, have responded that, for a valuable consideration advanced by himself, he had purchased a right to further indulgence, by a contract which, so far as the stipulated delay was concerned, no one but himself had a right to control or avoid? And why should the sureties object to such a defence, when the very fact of its being available would, *per se*, discharge them altogether from their liability? And even had they, without their principal's consent, paid the residue of the debt remaining due, as against themselves, after electing to claim, as to themselves, a credit for the usury advanced, could they have coerced their principal to refund that residue before the expiration of the indulgence which he had purchased?  Might he not well object that, he being entitled to that delay by a contract binding on the creditor, they ought not to have intervened and anticipated the time of deferred payment, especially when, by the postponement itself, they were exonerated?

It does seem to us that the new contract in this case was binding on the creditor, and obstructed the sureties in some of their remedies for securing themselves from loss; so far as the right to indulgence was concerned, the consideration advanced therefor was both valuable and valid, as to the creditor whose hands were thereby tied as between himself and the principal debtor, and could not be unloosed by any election which could have been made or any act which could have been done by the sureties alone.  But they made no election for invalidating, as to themselves, even the consideration for the contract for indulgence; they elected only to claim exoneration, because the creditor had extended the time of payment without their consent, by a contract binding on himself.

In the case of *Philpot* vs *Bryant, M. & P.* 754, the *British* Court may have been technically inaccurate in describing the verbal *assumpsit* by the executor as *void*.  But they evidently considered it as a contract which, in consequence of the statute of frauds, imposed no legal obligation on *either* of the parties, and therefore, as in the opinion of that Court, the contract for forbearance was not binding on *either* of the parties to it, they decided that

KENNINGHAM &c
*vs*
BEDFORD *et al.*

By an executed contract for indulgence, the creditor is bound although the money paid exceed legal interest on the sum due for the time of indulgence, and surety being by such contract obstructed in some of his legal remedies is exonerated, when made without his assent.

KENNINGHAM&C
vs
BEDFORD et al.

the drawer and endorsers were not thereby obstructed or embarrassed, and consequently were not released. This is evidently the only *principle* of that decision. And therefore, even a well founded doubt as to the correctness of their conclusion in that case, could not affect our conclusion in this case; for in that, the only reason for holding the sureties still bound, was the assumption that the consideration for the forbearance was both executory and void; in this it was executed and binding on one of the parties unless avoided by the other.

We are also of the opinion that the parties who filed the bill in this case were, as therein alleged, sureties only; that without their consent, the original credit was extended to their principal for six months, by a contract obligatory on the creditor and never invalidated, and that therefore, they were entitled to exoneration as decreed, by perpetuating the injunction to the judgment against them.

The only other question for revision on the assignment of errors is, whether the assignee of the bond, and who received the consideration advanced for the six months indulgence, was entitled to the decree, as rendered on his cross bill, against his assignor, (the obligee) for the consideration paid for the assignment, deducting a less sum decreed on the same cross bill against the sureties for funds committed to them as a collateral security by their principal.

Assignor of a note having agreed to indulge the principal debtor for a valid consideration paid before assignment by which contract sureties in the note are exonerated, is responsible to his assignee to the extent of the loss by such exoneration.

As the assignor seems to have received a portion of the benefit resulting from the contract for indulgence, and that agreement was a part of the contract of assignment and was, therefore, assented to by him, we are of the opinion that he was equitably liable on the assignee's cross bill for so much of the amount paid to him for the assignment as was lost in consequence of that indulgence. We perceive no essential error to the assignor's prejudice, in the amount of the decree against him, or in that of the decree against the sureties on the cross bill of the assignee.

But it does seem to us, that the manner of that decree was, in one respect, improvident, and might operate injuriously on the assignor, who now complains, and that

is, in that part of it which authorizes execution against the assignor for the amount decreed to the assignee against the sureties, in the event of the latter obtaining an injunction or supersedeas. As the sureties might elect yet to prosecute a writ of error with a *supersedeas*, and the decree against them might, nevertheless, be thereupon affirmed, and as, in such an event, the assignee should, in the first instance, prosecute his decree against the sureties and wait as against the assignor, until he had proceeded to legal insolvency, therefore the assignor ought not to be required to pay the amount thus decreed against the sureties, in the event of their superseding that decree; but, so far as the amount of that decree is concerned, execution should not be permitted to issue against the assignor until the sureties shall be prosecuted to insolvency or shall finally get clear of the decree by reversal or perpetual injunction; and as to that matter, therefore, the case should be retained within the power of the Court until the decree against the sureties shall either be satisfied by them, or perpetually superseded, or they shall be legally ascertained to be insolvent.

Upon this last ground alone the decree of the Fayette Circuit Court against the assignor, (*Kenningham*,) is reversed, and the cause remanded for such decree and proceedings as shall be proper, consistently with the foregoing opinion.

*Owsley* for Kenningham: *Robinson & Johnson* for Pike's administrator: *Hanson* for Bedfords.