CASE 14—PETITION ORDINARY—JANUARY 20.

# Rouse vs. Howard.

APPEAL FROM KENTON CIRCUIT COURT.

1. In an action against two of three joint and several obligors, one of the defendants pleaded payment by the obligor who was not sued, and without disposing of that issue, judgment was rendered against the other defendant by default. *Held*—That the judgment was erroneous.

2. Before the adoption of the Code, in an action against several defendants upon a joint, or joint and several obligation, the discharge of one defendant on a plea of *non est factum*, or other personal ground, did not defeat the plaintiff's right to judgment against the others ; otherwise where the discharge was on a defense which extinguished the demand, as payment, release, &c.

3. The Code (*secs.* 392, 399, 402) has not changed this rule ; and, in a joint action against several, a plea of payment by one presents a defense for all.

W. S. RANKIN for appellant.

D. MOOAR for appellee.

JUDGE BULLITT DELIVERED THE OPINION OF THE COURT:

Howard sued Rouse and Hughey upon the joint and several note of Rouse, Hughey, and Corlis. A judgment by default was rendered against Rouse after Hughey had filed an

answer, pleading payment of the note by Corlis, and without disposing of that issue; to reverse which judgment Rouse appeals.

The action against two of the payors was authorized by section 39 of the Code of Practice. But whether or not the Code authorizes a judgment by default against one defendant when another has pleaded payment, without disposing of the issue, is a question of some difficulty, and about which doubts were expressed in the case of *Burgess vs. Jacobs*, (14 *B. Mon.*, 522.)

It was formerly held, that, in an action against several defendants upon a joint, or a joint and several obligation, the plaintiff must succeed against all of the defendants, or he could succeed against none. Hence, even a personal defense by one, such as infancy or coverture, defeated the action against all. The plaintiff's remedy was a non-suit or discontinuance, and a fresh action, omitting the infant or *feme covert.* (1 *Ch. Pl.*, 44, 45.)

That rule was so modified by this court, that a plea by one defendant did not defeat the action against others, unless it showed that the plaintiff had no right of action against them. Thus, in an action against two defendants, upon a plea of *non est factum* by one, and a verdict for him, the plaintiff was held to be entitled to a judgment against the other who had executed the bond. (*McGowan vs. Maccoun et al.*, 3 *Mar.*, 151; *Dehart vs. Wilson*, 6 *J. J. Mar.*, 577.) And it was said, that if a defendant, in a joint action, *ex contractu*, against several, be discharged on a defense which extinguishes the demand, as payment, release, &c., the plaintiff cannot have judgment against any of the defendants; but that, if the ground on which the successful defendant was discharged be personal, as infancy or coverture, or occur after the contract, as bankruptcy, this will not benefit the other defendants, nor non-suit the plaintiff. (*Brown vs. Warner*, 2 *J. J. Mar.*, 38.)

It is clear that, before the adoption of the Code, in an action against several defendants upon a joint, or joint and several obligation, the plaintiff could not take judgment by default against any of them, if either had filed a plea of payment, without disposing of the issue. Nor was the rule based upon

the technical idea that there was a variance if the plaintiff failed to show that all the defendants whom he sued jointly upon a contract were liable upon it. It was founded upon the more rational ground, that a plea of payment by one defendant inured to all, and was a defense for all. Whether or not the rule has been changed, depends upon the construction of sections 392, 399, and 402, of the Code.

Section 392 declares, that " an action upon contract, wherein the summons has been served in due time, as provided in section 135, upon part only of the defendants, shall stand for trial at the first term as to those so summoned, and may be continued as to the others for further proceedings." The object of this provision is to enable the plaintiff to proceed against those who have been summoned, without waiting until all the defendants are brought before the court. It settles nothing as to the mode of proceeding against those who have been summoned.

Section 399 declares, that " in an action against several defendants, the court may, in its discretion, render judgment against one or more of them, leaving the action to proceed against the others whenever a several judgment is proper."

We are of the opinion, that a judgment by default against one defendant, without disposing of a plea of payment by another, would not be proper, unless it is required by section 402 of the Code.

That section declares, that " though all the defendants have been summoned, judgment may be rendered against any of them severally, where the plaintiff would be entitled to judgments against such defendants if the action had been against them alone."

This section may have some effect, and perhaps all the effect, that its framers contemplated, without applying it to such cases as the one we are considering. Thus, upon a plea of infancy, or other personal defense, by one defendant, a judgment may be rendered against the other defendants without disposing of the issue; concerning which there might have been room for doubt but for section 402.

Its language is not imperative: " Judgment may be ren-

dered." If, in a suit against principal and surety, the principal should plead payment and obtain a verdict and judgment, would the plaintiff afterward be entitled to a judgment by default against the surety? We doubt whether the framers of the Code intended to establish such a rule of practice.

In an action against a single defendant, an answer by him is necessary to prevent a judgment by default, because, without it, no defense can be presented to the court. But in a joint action against several, a plea of payment by one presents a defense for all.

It may be said that one defendant may be willing to swear to such an answer, whilst others would not, knowing it to be false. But, in this respect, the plaintiff cannot be prejudiced by allowing the answer of one to inure to the benefit of others, because the affidavit of a single defendant to a joint answer is sufficient. (*Code, sec.* 760.)

In our opinion, the court erred in rendering a judgment against the appellant without disposing of the issue presented by the answer of his co-defendant.

The judgment is reversed, and the cause remanded for further proceedings, not inconsistent with this opinion.