SQUIRE MURPHY *v.* COMMONWEALTH.

[Abstract Kentucky Law Reporter, Vol. 2—61.]

**Answer of One Defendant Good as to All.**

Where a joint suit is filed against a number of defendants, sureties on a sheriff's bond, and answer is filed by some of them pleading payment, it inures to the benefit of all of such defendants, even in case they do not answer at all; and those defaulted for failure to answer are bound in a judgment rendered in the case the same as though they had answered, but there should be no judgment as to them until there is judgment as to those who answered, when the same judgment should be entered as to them.

APPEAL FROM NELSON CIRCUIT COURT.

December 8, 1880.

OPINION BY JUDGE COFER:

This action was instituted on the bond of James Coy, late sheriff of Nelson county, against him and his sureties in his county levy bond, to recover a balance alleged to be in his hands. Several of the sureties answered and presented a defense which showed that the plaintiffs had no cause of action against any of the sureties. The appellant, who was one of the sureties and had been served with process, failed to answer, and judgment was rendered against him by default before a trial of the issue presented by the answer of his codefendants. That issue was tried on the same day and found for the plaintiffs, but on appeal to this court that judgment was reversed.

The appellant now appeals from the default judgment against him. It does not appear whether the issue made by the answer of the other sureties has been disposed of in the court below or not. The petition presents a good cause of action, and unless the answer presented by the appellant's co-sureties inured to his benefit the judgment must be affirmed.

The opinion in *Rouse v. Howard*, 1 Duv. 31, seems to be conclusive of this question. In that case Rouse sued Howard and Hughey upon the joint and several note of Rouse, Hughey and Coreliss. Rouse failed to answer. Without disposing of the issue made by the answer of Hughey, the court rendered judgment by default against Rouse. Rouse appealed, and this court, in a well-considered opinion, held that "in a joint action against several, a plea of payment by one presents a defense for all." The same principle applies in this case. The answer presented by a part of the sureties showed that the plaintiffs had no right to recover against any one of the sureties, and therefore presented a defense for all.

It does not appear from the transcript before us whether the issue made by the answer has been disposed of. If it has the appellant and the plaintiffs are alike bound by the decision thereon, and judgment should be rendered accordingly. If that issue has not been disposed of no disposition should be made of the case as to the appellant until the issue is tried, when judgment will be rendered for or against him according to the event of that issue.

There is nothing in the record to show that the appellant was deputy for Coy, and as such collected a part of the taxes sought to be recovered, and if there was it would not alter the rights and liabilities of the parties in this action based alone on the bond. Nor

are we prepared to say that he can be made liable to the plaintiffs for any money he may have collected, if in fact no tax was levied by the county court.

Judgment *reversed* and cause remanded for further proper proceedings.

*J. W. Thomas, J. C. Wickliffe, for appellant.*

*C. T. Atkinson, William Johnson, Muir & Wickliffe, for appellee.*