CASE 79.—ACTION BY FARMERS BANK OF WICKLIFFE AGAINST CHARLES WICKLIFFE ON NOTES.— Sept. 30, 1909.

# Farmers Bank Wickliffe v. Wickliffe

Appeal from Ballard Circuit Court.

R. J. Bugg, Circuit Judge.

Judgment for defendant, plaintiff appeals.—Affirmed.

1. Principal and Surety—Release of Surety—Burden of Proof.— In an action against a surety on notes, where the defense was that the surety had been released by the bank extending the notes in consideration of payment of interest in advance, without his knowledge or consent, the burden of proof thereof was upon the surety.

2. Bills and Notes—Extension.—If interest was paid to a bank on a note in advance at 8 per cent. it will be presumed that the note was to be extended to the end of the period for which it was paid.

3. Witnesses — Competency — Transactions with Decedent.—A cashier of, and stockholder in, a bank was incompetent to testify for the bank as to a transaction with a person since deceased, even though the bank had become insolvent, as he was under the statute personally liable for the debts of the bank to double the amount of his stock.

4. Appeal and Error—Review—Harmless Error.—Where an action has been tried twice, and the parties have produced all their evidence, and defendant's evidence makes out a prima facie case for him, and plaintiff has introduced no competent evidence to overthrow it, a judgment for defendant will not be reversed because of the admission of incompetent evidence not affecting the parties' rights.

NICHOLS & NICHOLS for appellant.

J. B. WICKLIFFE for appellee.

Opinion of the court by Judge Hobson—Affirming.

The Farmers' Bank of Wickliffe brought this suit against Chas. Wickliffe to recover against him on four notes executed by O. P. Beck and him to the bank, he being Beck's surety. The notes were as follows: July 17, 1905, $3,000, due in 12 months; October 5, 1905, $3,369.60, due in 12 months; February 23, 1906, $4,000, due in 6 months; May 31, 1906, $2,200, due in 3 months.

Wickliffe defended on several grounds. A trial was had of the case, which resulted in a judgment in his favor. From that judgment an appeal was taken to this court, and the judgment was reversed. See Farmers' Bank v. Wickliffe (Ky.) 116 S. W. 249, 131 Ky. 187. On the return of the case to the circuit court it was tried again; the trial resulted in a verdict and judgment for the defendant, and the plaintiff again appeals.

The only question left open in the former opinion is the defense that Wickliffe, the surety, had been released by the fact that the bank by its cashier on March 9, 1907, in consideration of the payment of the interest on the notes for a year in advance, had extended the time for the payment of the notes for one year without his knowledge or consent. On the former appeal it was held by this court that certain evidence introduced by Wickliffe to prove the novation was incompetent, including a statement testified to by J. B. Wickliffe as to what the cashier said to him several weeks after the transaction occurred. On the second trial of the case the court again admitted this evidence, apparently overlooking the fact that it had been excluded by this court. The evidence should not have been received. Still the question remains whether, if we exclude this evidence, there was sufficient evidence tending to make out the defense to

take the case to the jury.  The burden was on Wick-
liffe to show the novation, and the jury should have
been instructed peremptorily to find for the plaintiff,
unless there was sufficient competent evidence intro-
duced by him to take the case to the jury.

The proof by him is in substance this: J. B. Wick-
liffe testified that he returned home a few weeks after
the transaction, and was a director in the bank; that
he found in the bank the following debt:

|  |  |  |  | Debit | 3-9-1907 |
|---|---|---|---|---|---|
| $4,000. | due | Aug. | 23—06... ............. | | $320.00 |
| 2,300 | due | Aug. | 31—06................. | | 184.00 |
| 3,000 | due | July | 17—06................. | | 240.00 |
| 3,369.60 | due | Oct. | 5—06............. ..... | | 269.55 |

$12,669.60                                    $1,013.55

                         Pay Roll               200.00

He also found on the same day that the interest
account was credited by $1,013.55.  The interest
account, which represented  the earnings of the bank,
was footed up at the close of the day's business of
March 9th, and this sum was included in the footing;
that on March 20th the directors met and declared a
dividend out of the earnings of the bank, by which
they distributed to the different stockholders this in-
terest as part of the dividend.  It will be observed
that the dates in the debit item are the dates when
each of the notes fell due, that the amounts in the
left column are the amounts of the notes, and that
the figures in the right column represent the interest
on these sums for one year at 8 per cent., and the ex-
act sum which these amounts make up was carried
on that day to the earnings account of the bank, and
later was distributed by the bank to its stockholders
in the distribution made of its earnings when they

declared a dividend. When the interest was paid in advance, it must be presumed that time was to be given for the period for which the interest was paid. The notes had not been overdue for a year, and there was no reason for Beck's paying the year's interest at that time, unless he was to get time for it. That the money was paid as interest is shown not only by the debit account, but by the fact that it was credited on the bank's interest account, and paid out on March 20th in dividends. The bank pleaded that Beck proposed to renew the notes for a year and to pay the interest for the time, but that he died after depositing the money, and before he had renewed the notes or the arrangement had been completed. While Burton's subsequent declarations as to what he had done are not competent against the bank, the bank's own actions are admissible against it just as the subsequent conduct of a natural person would be. The bank's act of carrying this sum to the interest account, and in paying out this money in dividends to the stockholders, was equivalent to an acceptance by it of the money as paid on interest; and, if interest was paid in advance at 8 per cent. it will be presumed that time was to be given to the end of the period for which it was paid. Lebus v. Robbins, 8 Ky. Law Rep. 966.

The bank introduced on the trial its cashier, Burton. He was a stockholder in the bank, and, being a stockholder was testifying for himself. Beck, the person with whom he had the transaction was dead, and he could not testify for himself as to a transaction with one who was dead. See Storey v. First National Bank, 72 S. W. 318, 24 Ky. Law Rep. 1799.

It is true the bank had become insolvent, but as a stockholder he was by statute responsible personally

for the debts of the bank to double the amount of his stock, and his liability might be materially affected if $12,000, and its interest, could be collected of Wickliffe. He was therefore incompetent to testify as to what took place between him and Beck. The statements of J. B. Wickliffe as to what Burton said to him were also incompetent. But as Burton is incompetent to testify as to the transaction between him and Beck, we conclude that the action should not be reversed for the error in admitting the testimony of J. B. Wickliffe. The case has been tried twice; the parties have evidently produced all the eviden they have. The evidence produced by the defendant makes out a prima facie case for him; and, as the plaintiff introduced no competent evidence to over throw that case, no practical good could come to either of the parties by prolonging the litigation on account of an error which did not affect in any way their rights. Some complaint is also made of the argument of counsel, but we deem it unnecessary to notice these matters for the same reason. The questions which are presented on this appeal were not presented on the former appeal. The answer is at least good after verdict and judgment.

Judgment affirmed.