## Hyden v. Calames.

### (Decided December 15, 1914.)

### Appeal from Breathitt Circuit Court.

1. **Action—When Begun Against Non-resident—Warning Order.—** An action against a non-resident is not begun until a warning order is spread, and proof taken previous to that time is not competent.
2. **Limitation of Actions—Plea of Personal.—**The plea of limitation is personal, and one's creditor cannot make it for him.

FLORENCE McGUIRE for appellant.

LEONIDAS Y. REDWINE for appellee.

OPINION OF THE COURT BY JUDGE NUNN—Affirming.

The appellee, Henson Calames, is a colored man, 75 years old, and unable to read or write. In 1907, having saved up about $1,100, he decided to buy a home. The Kentucky Sawmill Company, an Ohio corporation, owned 232 acres of land in Breathitt county, which it desired to sell, having already cut the timber. In July of 1907 Mr. Bartles, its chief officer in Breathitt county, executed a writing, agreeing to convey the tract in fee simple to appellee on September 1st, upon payment of $1,100 in cash, with the right to cancel the contract in ten days if disapproved of by the home office. The corporation, approving the trade, sent a deed to a bank in Breathitt county and notified Calames to get it. He went to the bank in company with Bartles. The deed, or a part of it, was read to Calames by Bartles. Calames paid the money, took the deed, and on the way home met a friend, who examined the deed, and Calames discovered for the first time that it did not convey to him the coals and oil underlying the land. Calames says that no mention of this reservation was made when Bartles read the deed to him. The next morning he went back to town, found Bartles, tendered the deed, and demanded his money. Bartles told him that his money was gone; that is, he had sent it to the company in Ohio. It seems that the sawmill company was winding up its business in this State, and had no other visible property. Calames took possession of the place, made some improvements, but put his case in the hands of a lawyer. This lawyer testifies that he was prepared to bring suit to reform or cancel the deed, when, in about six months, he saw Bartles, and Bartles told him not to bring suit, that it would be unnecessary, as his company would make no claim to the oil or minerals. Subsequently, the appellant, Hyden, recovered a judgment against the sawmill company for $294, and, in searching the records to find some estate out of which the judgment might be collected, he discovered this reservation in the Calames deed, and caused the sheriff to levy an execution. This suit was brought by Calames to enjoin Hyden and the sheriff from levy and sale of any of his land. The sawmill company was also named party defendant, and a reformation of his deed was requested to conform to the original contract which stipulated a fee simple conveyance. The petition was verified, and the allegations were sufficient for a warning order against

the sawmill company as a non-resident. No warning or-der was spread, but a report was filed purporting to come from a regularly appointed attorney for the non-resident. Issue was joined by appellant, Hyden, and the sheriff, Hudson, and all the proof taken. Hyden attempts to defend as a creditor without notice. On this state of the record, the report of the attorney for the non-resident was stricken because no warning order was ever spread. It was then more than five years from the date of the deed, and Hyden undertakes to plead the five year stat-ute of limitation against reformation of the deed. New affidavits were filed, and a warning order duly spread, but no further proof was taken.

Until the warning order was spread the action was not commenced against the non-resident, sawmill com-pany, and, not being before the court, the testimony of Calames and his attorney with reference to the fraud and waiver of the claim to the coal and oil is incompe-tent. The court, therefore, refused to reform the deed, because there was no competent proof to show that Cala-mes was entitled to that relief. But appellant, Hyden, and the sheriff were enjoined from attempting to levy upon or sell the coal and oil rights. We think the court properly ruled in this also. While it is admitted that Hyden was a creditor, yet it is not pretended that he has any lien, or that the credit was extended on the faith of the reservation in Calames' deed. In fact, it does not ap pear whether the debt was created before or after the Calames deed. There is no allegation that any act of Calames induced appellant to extend the credit, and there is nothing in the case that could operate as an estoppel to prevent Calames asserting title to coal and oil. A plea of limitation is personal, and one's creditor cannot make it for him. Although five years have passed from the date of the deed, it is not certain that the statute ever began to run, for the sawmill company is a non-resident, and we infer from the record it was a non-resident dur-ing all the time in question. But, if its position is such as to entitle it to plead limitation, it may never do so; that is, it is optional whether it will plead the statute or not. This option is with the sawmill company—not ap-pellant.

Perceiving no error in the judgment, it is affirmed.