## Moore, et al. v. Shepherd, et al.

(Decided November 19, 1920.)

### Appeal from Jackson Circuit Court.

1. Records—Supplying Lost Records.—One can not complain because a lost record is not supplied in the manner provided by sections 3994 and 3995, Kentucky Statutes, when he consented for it to be supplied in the manner it was done or acquiesced therein without objection.

2. Pleading—Striking From Record.—A pleading is not properly a part of the record unless filed in open court or, if in vacation, on some rule day and when not filed at either of those times it is not error to strike it from the files.

3.  Pleading—Striking From Record.—Although a pleading may be
    properly filed and rightfully in the record it is not prejudicial error
    to strike it from the files if it contains no facts constituting a cause
    of action or defense, or if it contains no more than a former filed
    pleading which inures to the benefit of the one offering it.

4.  Limitation of Actions—Pleading.—The defense of limitation must
    be pleaded by the one relying on it else it will be considered as
    waived.

5.  Limitation of Actions—Fraudulent Conveyances.—The limitation
    period applicable to a proceeding attacking a conveyance of land
    as fraudulent and made for the purpose of defeating the grantor's
    creditors is five years after the cause of action accrues, and it is
    deemed to have accrued upon the discovery of the fraud, but in no
    case may the action be brought beyond ten years after perpetra-
    tion of the fraud.

6.  Deeds—Fraud and Misrepresentation—Cancellation.—In this case
    seeknig to cancel certain deeds conveying land to the wife of the
    debtor as fraudulent, evidence examined and held sufficient to
    support the judgment granting the prayer of the petition and
    ordering a sale of a sufficiency of the land to pay plaintiffs' debt.

A. W. BAKER and C. P. MOORE for appellants.

W. E. BEGLEY and H. N. DEAN for appellees.

OPINION OF THE COURT BY JUDGE THOMAS—Affirming.

The appellees and plaintiffs below, A. J. and Hardin
Shepherd, were the assignees of a judgment in the Jack-
son circuit court for the sum of $343.25 interest and cost
which Cabel Powers recovered against appellant and one
of the defendants below, James H. Moore. Under an ex-
ecution issued upon the judgment in favor of plaintiffs
there was realized from a sale of an undivided one-half
interest in forty acres of land the sum of $200.00 with
which the judgment was credited. Subsequent executions
were returned "no property found," and on January 22,
1918, plaintiffs filed this suit in the Jackson circuit court
against defendants, James H. Moore and wife, Lucy
Moore, seeking to set aside certain deeds conveying to
Lucy Moore the title to a described tract of land in Jack-
son county, upon the ground that her husband had pro-
cured one of the deeds to be executed to her and had
himself executed the other one with the fraudulent intent
of defeating his creditors in the collection of their debts
and especially that of plaintiffs. It was further alleged
that the land in truth and in fact belonged to the husband,
he having paid the consideration therefor and that his
wife held the legal title in trust for him. A judgment was

asked cancelling the deeds and subjecting enough of the land to the satisfaction of plaintiffs' judgment. It was further alleged that defendants had occupied and used all of one of the tracts, one-half of which plaintiffs had purchased at a sale made under one of their executions, and an accounting for rents and profits as to that tract was also prayed for. The defendant Lucy Moore alone answered the petition and her answer consisted in a denial of the averments therein contained. After the case was prepared for trial the record was lost and the court appointed a commissioner to supply it, but in the order which was made the parties were permitted to themselves supply the pleadings and such portions of the record as they could agree upon and they were given permission to retake depositions. They each appeared and filed substituted pleadings and to which no objection was made. Afterwards they retook their proof and upon final submission the court sustained the prayer of the petition directing, after the allotment of a homestead, a sale of enough of the land to satisfy the unpaid portion of the judgment and also gave judgment in favor of plaintiffs against James H. Moore for the sum of forty dollars, being due them as found by the court, for their portion of the rents and profits of the tract in which they purchased a one-half interest at the execution sale. Complaining of that judgment the defendants prosecute this appeal.

The first question argued is that the lost record was not supplied in the manner pointed out by sections 3994-3995 of the statutes, and for this reason the court was without authority to render any judgment in the cause, but we do not share this view with defendants' counsel. As stated, the order with reference to supplying the record permitted the parties by agreement to substitute their original pleadings, which they each did without objection and necessarily with the consent of the other. They afterwards in the same manner retook their depositions and upon final submission there was no objection to the method by which the record was supplied. Under these circumstances defendants are in no position to raise or rely on this point, even if the course adopted operated to their prejudice, which we do not find to be true.

It is next insisted that the cause of action was barred by limitation and the petition should have been dismissed for that reason. We find this contention equally wanting in merit as the one just considered. In the first place

there is no pleading, legally in the record, relying on any statute of limitation, and it is the settled practice in this state that this character of defense must be pleaded. Merritt v. Cravens, 168 Ky. 155. It is true that a paper styled "amended answer" attempting to rely on limitation is found in the record, but it further appears that this paper was left with the clerk after the case had been prepared the second time, during vacation and not on any rule day or other time when it could be legally or properly filed. When the court met a few days thereafter, and during which term the case was tried, there was no motion made to file that paper and plaintiffs moved the court to strike it from the files, which motion was sustained. The same facts apply to another paper styled "Separate answer of James H. Moore" in which he practically adopted the original separate answer of his wife, and that paper met a like fate (due to the same reasons) as did the "amended answer" of Mrs. Moore. Neither of these belated pleadings was made a part of the record by a bill of exceptions or by any order of court. However, if all the above objections were put aside there would then be no merit in the supposed error of the court in striking from the files those two papers. The one offered by the husband could accomplish no purpose, since his wife and codefendant, in her original and separate answer, responded to the merits of the petition and which answer inured to his benefit. Rouse v. Howard, 1 Duv. 31; Williams v. Rogers, 14 Bush, 776, and Miller v. Higginbotham, 29 Ky. L. R. 547. The alleged amended answer of the wife which was stricken from the files averred that the deeds sought to be cancelled were executed more than six months before the filing of the suit and attempted to rely on that period of limitation, which is the one prescribed in section 1911 of the statutes as applicable to suits based upon preferential conveyances as contemplated by section 1910 of the statutes. Clearly this suit is not one of that character, but is one founded upon the denounced acts set forth in sections 1906 and 1907 of the statutes, forbidding the fraudulent conveyance by a debtor of his property so as to put it beyond the reach of his creditors, and the limitation applicable in such cases is five years after the cause of action accrued as prescribed in section 2515 of the statutes; and section 2519 thereof says that the action accrues when the fraudulent acts are discovered, but in no case may it be brought beyond ten years after the perpetration of the fraud. The

question as to when the alleged fraud in this case was discovered does not arise, since the suit was brought less than five years after the execution of the deeds sought to be cancelled. For these reasons there was no prejudicial error committed by the court in striking the offered pleadings from the files, even if it be conceded that they were properly a part of the record.

Upon the merits of the case we have no serious difficulty in coinciding with the trial court. It would serve no useful purpose to any one for us to examine in this opinion in detail the evidence in the record or to incorporate an analysis of it. Suffice it to say that the husband, James H. Moore, refrained from testifying in the case. His wife, who gave her deposition, attempts to show in a very unsatisfactory and inconclusive manner that she was an innocent purchaser for a valuable and adequate consideration. The land involved was purchased from a Mr. Johnson some time in the year 1912. It then consisted of three hundred and sixty (360) acres, and a separate deed was executed to the wife by Johnson for fifty (50) acres and a like deed was executed to the husband for the remainder. These deeds were never deliverd, or if so, were never recorded. In 1913 Johnson executed a joint deed to defendants conveying to each of them a one-half interest in the land. In 1916 the husband executed to his wife a deed for his half interest, but in the meantime he had sold nearly half the land to other persons. The wife claims that a large portion of the money for her part of the land was furnished by her father for her use and benefit in the nature of an advancement to her as his daughter. But, her father likewise failed to testify in the case, and the wife's explanation of these matters, to say the least of it, is hazy, is a departure from the ordinary, is lacking in convincing quality and excites suspicion. This, coupled with the fact that neither her husband nor her father testified, and with other proven facts and circumstances showing an inclination and purpose to defeat the collection of plaintiff's debt, furnishes sufficient grounds to sustain the judgment and it is therefore affirmed.