## Hurm, et al. v. Collignon, et al.

(Decided April 29, 1924.)

## Appeal from Daviess Circuit Court.

1. Principal and Surety—Creditor Must be Made Party to Action by Surety to Compel Payment of Debt.—In action by a surety against his principal, under Civil Code of Practice, section 661, to compel the payment of a debt, the creditor must be made a defendant.

2. Appeal and Error—Failure to Make Creditors Parties to Action by Surety Against Principal Held Immaterial.—In an action by a surety against principal to foreclose a mortgage to satisfy debts paid by surety and to subject land to payment of other debts, it was immaterial that creditors were not made parties before the judgment, where the question of defect of parties was not raised in the proper way and at the proper time, and the creditors subsequently became parties and filed their answers and cross-petitions setting up their claims and electing to take their share of the proceeds, under Civil Code of Practice, sections 661, 662.

3. Limitation of Actions—Right to Maintain Action Must be Challenged at Proper Time and Limitations Must be Pleaded.—In action by surety to foreclose mortgage to satisfy indebtedness paid by surety and to pay other debts, contention that petition showed surety had been released by limitations was without merit, where right to maintain action was not challenged at proper time and limitations was not pleaded.

4. Limitation of Actions—Secured Surety May Sue, though Creditors' Claims Barred.—Where mortgage is taken to secure sureties on notes, sureties have the right to sue to subject lands to payment of the debts for benefit of creditors who are subrogated to their rights, though limitations had run against creditors' claims, as plea of limitation is personal.

5. Mortgages—Commissioner should Ask Buyers if Any would Take Less than Whole and Pay Debt, but Failure to do so Held Not Prejudicial.—On foreclosure of mortgage where judgment directed sale only of a sufficiency of the land to pay debt, interest, and costs, commissioner should have asked buyers if any one would take a less number of acres than the whole and pay debt, interest, and costs; but failure to so ask was not prejudicial, where the land could not have been divided without impairing its value, and excess of purchase price over debt, interest, and costs was small, and there was no showing that price was inadequate.

6. Principal and Surety—Judgment Not Conclusive as to Amount of Claims of Creditors Not Parties when Rendered.—A judgment in an action by sureties against principal to foreclose a mortgage to satisfy indebtedness paid and unpaid was not conclusive as to amount of claims of creditors not parties at time it was

rendered, and court erred in sustaining creditors' demurrers to defendant's pleadings challenging amount of such claims.

SANDIDGE & SANDIDGE and FLOYD J. LASWELL for appellants.

L. I. IGLEHEART and SLACK, BIRKHEAD & SLACK for appellees.

OPINION OF THE COURT BY JUDGE CLAY—Affirming as to John Collignon and Joe Bittell and reversing as to Joseph Wagner, Henry Bittell and Bona Schæfer.

In 1912 John Hurm and wife mortgaged a tract of 76¾ acres of land in Daviess county to John Collignon and Joe Bittell to secure them as sureties on two notes which Hurm had executed, one to Joseph Wagner for $1,600.00, and another to Bona Schæfer for $2,400.00, and also as sureties on other notes which were subsequently paid by Hurm. In 1919 Hurm and wife executed another mortgage on the same land to Collignon and Bittell to secure them as sureties of Hurm on two notes, one for $9,000.00 and the other for $5,000.00, which were paid by Collignon and Bittell.

In September, 1921, Collignon and Bittell brought this suit against Hurm and wife for the purpose of subjecting the land to the notes already paid, and to the satisfaction of their liability upon the notes to Wagner and Schæfer, together with their liability as sureties upon a note for $1,300.00 to one, Henry Bittell, which, it is alleged, was executed prior to the mortgage of 1912, and had been omitted therefrom by mistake of the draftsman. Soon after suit was brought, Hurm filed a petition in bankruptcy, and the Central Trust Company was appointed and qualified as his trustee. On November 7, 1921, an amended petition was filed, making the Central Trust Company a party, and it was served with process more than ten days before the December term of the Daviess circuit court. No defense having been made by any of the defendants, judgment by default was rendered on December 17th. It was adjudged that John Collignon and Joe Bittell had a first and superior lien on the land to secure them in the payment of the sum of $14,237.33, with interest at six per cent from September 26, 1921, until paid. It was further adjudged that Collignon and Bittell signed a note as sureties for John Hurm to Bona

Schæfer for $1,400.00, and a note to Joseph Wagner for $1,600.00, each bearing interest at the rate of six per cent per annum from January 1, 1920, until paid, and that they also signed a note as sureties for John Hurm to Henry Bittell for $1,300.00, bearing interest at the rate of six per cent per annum from January 1, 1920, until paid, and that they had a first and superior lien on the real estate theretofore described to secure them as sureties on said notes, and it was adjudged that said notes be paid out of the proceeds of the real estate ordered to be sold. The judgments further directed that so much of said real estate as might be necessary to satisfy said debts, interest and costs, be sold for that purpose by the master commissioner.

Pursuant to the judgment the land, which was appraised at $20,000.00, was sold on January 16, 1922, for the sum of $19,800.00, a small sum in excess of the debts, interest and costs.

The report of sale was filed at the February term, 1922. On February 11th, Hurm and the Central Trust Company filed numerous exceptions to the report of sale. On the same day, Joseph Wagner, Henry Bittell and Bona Schæfer, who were made parties for the first time by amended petition, filed their separate answers and asked that each be made a cross-petition. At the same time the Central Trust Company filed an amended answer, counterclaim and cross-petition to the original petition. Thereafter the trustee in bankruptcy filed a second amended answer, counterclaim and cross-petition. Later on it filed a reply to the answer of Joseph Wagner, and a day or two later separate replies to the separate answers of Bona Schæfer and Henry Bittell. On February 24th an order was entered overruling the exceptions and confirming the sale, and sustaining the demurrers of plaintiffs and the defendants, Joseph Wagner, Bona Schæfer and Henry Bittell, to and dismissing the amended answers, counterclaims and cross-petitions of the trustee in bankruptcy, and sustaining the separate demurrers of the defendants, Joseph Wagner, Henry Bittell and Bona Schæfer, to the separate replies of the trustee in bankruptcy to the separate answers and cross-petitions of said Joseph Wagner, Henry Bittell and Bona Schæfer. From that judgment this appeal is prosecuted.

The grounds on which appellants excepted to the sale were (1) Joseph Wagner, Bona Schæfer and Henry Bittell were not parties to the action when the judgment was rendered. (2) The judgment in so far as it ordered the land to be sold in payment of the notes of January 1, 1912, aggregating $4,200.00 was void. (3) The master commissioner, though ordered to sell a sufficiency of the land to make $19,395.00, sold the entire tract for $19,800.00.

(1) It is true that in an action like this, brought by a surety against his principal, under section 661, Civil Code, to compel the payment of a debt, the Code provides that the creditor must be made a defendant to the action. Section 662, Civil Code. Doubtless, Wagner, Schæfer and Bittell should have been made parties before the judgment, but as the question of defect of parties was not raised in the proper way and at the proper time, and Wagner, Schæfer and Bittell subsequently became parties and filed their answers and cross-petitions setting up their claims, and electing to take their share of the proceeds, the failure to make them parties was necessarily cured, and appellants are not in a position to complain. Speyer v. McNamara's Admr., 144 Ky. 774, 139 S. W. 1092; Barry v. Fain's Admr., 172 Ky. 308, 189 S. W. 220; Bamberger v. Moayon, 91 Ky. 517, 16 S. W. 276.

(2) But it is insisted that the petition showed on its face that the sureties had been released by limitation, and that being true, they could not maintain the action in behalf of the creditors whose claims had not been paid, and the judgment of sale was therefore void to the extent of such claims. There are several answers to this contention. In the first place, the right to maintain the action was not challenged at the proper time. In the next place, limitation must be pleaded, and the question cannot be raised even by demurrer, much less by an inspection of the petition. Eastern Gulf Oil Co. v. Lovelace, 188 Ky. 238, 221 S. W. 544; Moore v. Shepherd, 189 Ky. 593, 225 S. W. 484. In the third place, the plea of limitation is a personal one, Baker v. Begley, 155 Ky. 234, 159 S. W. 691; Hyden v. Calames, 161 Ky. 593, 171 S. W. 186; Sanger v. Nightingale, 122 U. S. 176, 30 L. Ed. 1105, and it was for the sureties to decide whether they would avail themselves of the plea of limitation as against the debts which they had not paid, or acknowl-

edged their liability and compel their principal to pay by a sale of the property which he had mortgaged to them for the purpose of indemnifying them against loss. That being true, they had the right to maintain the action not only for their own benefit, but for the benefit of the creditors who were subrogated to their rights.

(3) As the judgment of sale directed the commissioner to sell only a sufficiency of the land to pay the debt, interest and costs, the commissioner should have conducted the sale by asking the buyers if any one would take a less number of acres than the whole, and pay the debt, interest and costs. However, as the farm consisted of only seventy-six acres, on which there was a handsome residence, and there is no contention that it could have been divided without impairing its value, and the excess of the purchase price over the debt, interest and costs was small and there was no showing that the price was inadequate, or that a larger sum would be realized by resale, we conclude that the manner of conducting the sale was in no wise prejudicial to appellants, and that the chancellor did not err in refusing to set the sale aside. Guest v. Foster, 159 Ky. 1, 166 S. W. 620.

(4) However, as Wagner, Schæfer and Bittell were not parties when the judgment was rendered, the judgment is not conclusive as to the amount of their claims, and the court erred in sustaining their demurrers to appellants' pleadings in so far as they challenged the amount of such claims. On the return of the case the court will overrule the demurrers to the extent indicated and permit the parties to plead to an issue and try out the question of amount.

Wherefore the judgment is affirmed as to John Collignon and Joe Bittell, and reversed as to Joseph Wagner, Henry Bittell and Bona Schæfer, and the cause remanded for proceedings consistent with this opinion.