## Bates' Administrator v. Lockery.

(Decided December 9, 1931.)

T. O. JONES for appellant.

J. H. THOMAS for appellee.

OPINION OF THE COURT BY JUDGE RICHARDSON—Affirming.

On January 23, 1921, W. A. Bates as principal, with Jess Lockery as his surety, executed and delivered to Mrs. J. L. Bates their promissory note by which they

agreed to pay her twelve months after date $650, with interest at 6 per cent per annum from date until paid. The note contains this provision: "The sureties, guarantors and endorsers herein agree to the extension of this note without notice upon payment of interest. The parties to this note generally and severally waive protest and notice of protest." The indorsements on the note are January 3, 1922, interest paid $37.50; January 3, 1923, interest paid $37.50; interest paid 1923; interest paid 1924; interest paid 1925.

Mrs. J. L. Bates died testate in McLean county, Ky., in 1929. Her will was probated February 4, 1929. The appellant qualified as administrator of her estate with the will annexed February 4, 1929. On September 4, 1929, an action was filed in the McLean circuit court to recover of W. A. Bates and Jess Lockery on the note. Lockery defended it, alleging that he was only a surety; that it became due January 3, 1922, and that the cause of action thereon accrued against him on that day; that more than seven years had elapsed since its maturity, and before the 28th of September, 1929, the date on which the action was instituted; and that therefore it was barred by the statute of limitation. The appellant, in response thereto, averred that the interest was paid in the amounts and on the dates indicated by the indorsements, and that, by virtue of the provision in the note, the mere payment of the interest, ipso facto, extended the note, and that for this reason it had not matured until January 1, 1926, and that the statute of limitation was thereby suspended. It is also alleged that at the time of the payment of the interest it was agreed between the payor and payee that the note was to be thereby extended for one year next after the payment of the interest. These facts are pleaded as an estoppel against Lockery's right to rely upon the statute of limitation.

The defense of limitation is a personal one, and it may be waived. It may be waived only by the person entitled to rely upon it. Moore v. Shepherd, 189 Ky. 593, 225 S. W. 484; West v. Williams & Sons, Bankers, 202 Ky. 382, 259 S. W. 1015; Hyden v. Calames, 161 Ky. 593, 171 S. W. 186.

However, a contract fixing the period of limitation either shorter or longer than that fixed by statute is against public policy and void. Wright v. Gardner, 98 Ky. 454, 33 S. W. 622, 35 S. W. 1116, 17 Ky. Law Rep.

1345; Maryland Casualty Co. v. Dickerson, 213 Ky. 305, 280 S. W. 1106. The question here for determination is not one of extending or shortening the period of limitations. The decisive question is, Did the payor by merely paying annually the past-due interest thereby extend the payment of the note; and did the appellee by virtue of the phrase in the note thereby waive his right to rely on the statute of limitation, if the interest on the note was paid by the principal on the maturity of the note and annually thereafter?

It is not shown by the evidence that the payee and payor at any time entered into an agreement between themselves for a consideration for the extension of time of payment of the note; nor is it alleged that such an agreement was made between them for a consideration. Even if an arrangement was made between them to extend the note, it was necessary that it be supported by a new consideration either good or valuable, and that the extension be for a definite time, to be binding and enforceable. Benson v. Phipps, 87 Tex. 578, 29 S. W. 1061, 47 Am. St. Rep. 131; Campbell v. Sherman, 151 Pa. 70, 25 A. 35, 31 Am. St. Rep. 737, and note; Alley v. Hopkins, 98 Ky. 668, 34 S. W. 13, 17 Ky. Law Rep. 1227, 56 Am. St. Rep. 382; Robinson v. Miller, 2 Bush. 179. Mere passive indulgence of the principal will not release the surety, although interest is paid to the end of each year, as acceptance by the payee of interest for the preceding year does not imply an agreement upon his part not to sue for another year, and does not take from the surety the right to compel the holder of the note to sue at any time. Alley v. Hopkins, supra.

The payment of interest in advance on a matured note will support an agreement for extension of time of its payment to the time to which interest was paid. Armendt v. Perkins, 32 S. W. 270, 17 Ky. Law Rep. 1327; Farmers' Bank of Wickliffe v. Wickliffe, 134 Ky. 627, 121 S. W. 498; Kenningham v. Bedford, 1 B. Mon. 325. From the act of payment of interest in advance, it will be presumed, in the absence of an express agreement, that the note was extended to the end of the period for which it was paid. Farmers' Bank of Wickliffe v. Wickliffe, supra. Giving proper consideration and weight to the clause in the note relied upon by appellant, and conceding that by virtue thereof he assented in advance to the extension of time of payment of the note in the event

an agreement was made between the payor and payee for such extension, there is no allegation in the pleading that such arrangement was made, based upon a consideration for an extension of the payment of the note for any definite period of time. The mere paying of past-due interest was not an extension of the time for the payment of the note. Therefore the trial court did not err in giving the peremptory instruction for the appellee.

Judgment affirmed.