## Lynn v. Young.

(Decided Jan. 18, 1935.)

CECIL C. WILSON for appellant.

SMITH & ELLIS for appellee.

OPINION OF THE COURT BY JUDGE STITES—Affirming.

This is a suit on a negotiable note. The note was executed January 8, 1927, by Morgan Button and defendant Lynn, and payable one year after date, but was not paid.

The defendant, Lynn, who is the appellant here, set out in the second paragraph of his answer that he

was an "accommodation surety" on the note in question.

Defendant alleges that Button paid $39 on December 23, 1929, for interest up to January 8, 1930, and that the interest was so credited by indorsement on the note itself. He claims that the acceptance of this interest payment by plaintiff-appellee operated to extend the time for payment of the note and thereby released him, as surety, from further liability.

The lower court sustained a demurrer to this plea, and defendant permitted judgment to go against him. He brings the case here complaining alone of the action of the court in sustaining the demurrer.

The mere acceptance of interest in advance, without an agreement to extend the time of payment, will not discharge a surety. Haydenville Savings Bank v. Parsons, 138 Mass. 53; New York Life Insurance Co. v. Casey, 178 N. Y. 381, 70 N. E. 916. There must be a binding agreement. We are not to imply an agreement merely because there was a consideration upon which one might have been based. The acceptance of interest in advance might be *evidence* of an agreement to extend; it is not, itself, the agreement. Allgaier et al. v. Scott et al., 3 Ky. Op. 268. See, also, Brannan's Negotiable Instrument Law (5th Ed.) 883; Bradford v. Union Trust Co., 242 Ky. 709, 47 S. W. (2d) 536.

Appellant's only allegations of an agreement to extend the time for payment are by way of conclusion based upon the acceptance of the interest two weeks in advance of the date when due. This is not sufficient.

The judgment is affirmed.