## Liberty Bank & Trust Co. v. Hand.

(Decided June 22, 1937.)

EUGENE MOSLEY, JR., for appellant.

SHACKELFORD MILLER, JR., for appellee.

OPINION OF THE COURT BY JUDGE CLAY—Affirming.

The Liberty National Bank & Trust Company brought this suit against Frank E. Hand to recover on a 60-day note for $3,975, which had been executed and delivered to him by Olaf Anderson on October 31, 1931, and which Hand had discounted at the bank. Hand defended on the ground that he was an indorser and did not receive notice of dishonor. The bank claimed that notice was given, that Hand was not entitled to notice, and that notice was waived. At the conclusion of the evidence the trial court directed a verdict in favor of Hand. The bank appeals.

The evidence discloses the following situation: On or about December 11, 1926, Olaf Anderson executed to Hand two notes, one for $2,012.80, and the other for $6,499. Hand was an insurance agent, and the notes were given to him in payment for premiums for in-

surance policies written by him on the life of Anderson. The two notes were discounted at the bank. The notes were renewed from time to time, and Anderson would pay the interest and also make payments on the principal. Ultimately the $2012.80 note was paid, and the note sued on represented the final renewal of the $6,-499 note. On December 8, 1931, and three or four days after Anderson's death, Hand wrote the bank the following letter:

"Your bank now holds a note for $3,975.00 dated October 31, 1931, executed by Olaf Anderson to me. I endorsed this note and discounted the same at your bank to cover the unpaid balance of a former note executed by the same maker.

"Olaf Anderson has just died and your bank holds policies of insurance upon his life which were deposited as collateral upon certain indebtedness to your bank, and I assume that the pledge agreement under which you hold these policies provides that the collateral should be held as security for any additional indebtedness of Olaf Anderson to your bank.

"I am informed that the collateral held by your bank is in excess of the total of the direct indebtedness upon which it was pledged, and I hereby request that none of the collateral held by your bank, including the proceeds of life insurance policies, be surrendered or relinquished without the retention of such amount as shall be necessary to cover the above note upon which I became bound as endorser, together with interest."

According to Mr. Borgerding, vice-president of the bank, credit in discounting the Anderson notes was given to Hand and not to Anderson. He gradually became insolvent, and was absolutely broke at the time of his death. According to Edward Kohnhorst, and R. M. Fible, vice-presidents of the bank, it was the custom and practice of the bank to send notice to the maker 10 days before the notes matured, and notice of dishonor to the indorser on the day of maturity. There was further evidence that Hand attended to and looked after the renewal of the various notes.

Our conclusions on the questions may be summarized as follows:

(1) There was no evidence that notice of dishonor was mailed to Hand, and mere evidence that it was customary to send notices was not sufficient to make the question of notice of dishonor one for the jury.

(2) Except as otherwise provided in the Negotiable Instruments Act, notice of dishonor must be given to each indorser, and any indorser to whom such notice is not given is discharged. Section 3720b-89, Kentucky Statutes; Conn v. Atkinson, 227 Ky. 594, 13 S. W. (2d) 759. In section 3720b-115, Kentucky Statutes, it is otherwise provided "where the instrument was made or accepted for his [the indorser's] accommodation," and appellant relies on this provision. Manifestly, the case is not one that falls within the exception. The note was not executed by Anderson merely for the purpose of lending his credit to and enabling Hand to procure the money. On the contrary. Anderson was indebted to Hand for insurance premiums, and the notes were executed to enable him to meet his obligation. Hand indorsed, discounted the notes and received the proceeds. It is clear, therefore, that neither the instrument sued on nor any of the notes, of which it was a final renewal, were made for the accomodation of Hand within the meaning of the statute. Brown v. Crofton (Ky.) 76 S. W. 372, 25 Ky. Law Rep. 753; Farmers' Bank & Trust Company v. Dent, 206 Ky. 405, 267 S. W. 202.

(3) But appellant insists that Hand's letter, coupled with his conduct in looking after the original note and renewals, and the fact that he knew of Anderson's insolvency, operated as a waiver of notice. The argument is that waiver may be express or implied, and the facts make out a case of implied waiver. Waivers of notice of dishonor by indorsers are rather strictly construed, and will not be extended beyond the fair import of the terms used, nor will waiver be inferred from doubtful acts or language. Farmers' Bank & Trust Company v. Dent, supra; Worley v. Johnson, 60 Fla. 294, 53 So. 543, 33 L. R. A. (N. S.) 639. In view of this rule, it hardly can be said that there is anything in Hand's letter that even approaches a waiver. It was written to let the bank know that he was standing on his rights, and cannot be construed as indicating an intention to forego his rights. Nor is the case made any stronger by Hand's conduct in looking after the renewals, even

if he knew that Anderson was insolvent. One who is liable as indorser will naturally do all in his power to assist the maker in renewing or paying the note, and nothwithstanding his insolvency, the maker often arranges to renew or pay. Indeed, under section 3720b-80, Kentucky Statutes, providing that presentment for payment is not required in order to charge an indorser, where the instrument was made or accepted for his accommodation, and he has no reason to expect that the instrument will be paid if presented, the insolvency of the maker, even if known to the indorser, will not excuse presentment for payment. Christina v. Mattenberger (Cal. App.) 289 P. 934. Properly understood, the case of Greenwade v. First National Bank of Louisa, 240 Ky. 60, 41 S. W. (2d) 369, does not announce a contrary rule. There the payee would prepare renewals and deliver them to the maker or some one of the indorsers, who would pass them from one to another until their signatures were affixed to the renewals, when they would be delivered to the bank, and the cashier of the bank had inquired of the indorsers if it was desired or expected of the bank to present for payment and give notice of protest and dishonor of notes, and was informed it was not necessary or expected. In the circumstances, Greenwade, the indorser, was held to have waived presentment and notice of dishonor.

It follows that the directed verdict was proper.

Judgment affirmed.