## Kentucky River Coal & Feed Co. et al. v. McConkey.

(Decided Oct. 22, 1937.)

JAMES F. WINN, HARVEY T. LISLE and HUGH RIDDELL for appellants.

CLARENCE MILLER for appellee.

OPINION OF THE COURT BY JUDGE STITES—Reversing on appeal and affirming on cross appeal.

Under date of April 7, 1924, the Kentucky River Coal & Feed Company, a corporation, executed and delivered its promissory note in the sum of $3,000 to the appellant John Lisle. The note was made payable 12 months after date at a bank in Irvine, Ky., and contained this provision on its face: "Endorsers waive demand, protest, and all legal diligence to enforce collection." Thereafter and before maturity, Lisle indorsed the note in blank to the appellant E. E. Edwards, and Edwards in turn indorsed the note and delivered it to appellee, Bettie White McConkey. At the date of maturity of the note on April 7, 1925, the Kentucky River Coal and Feed Company paid the interest thereon, but did not pay the principal. It made regular payments of interest each following year up to and including April 7, 1933.

On April 21, 1934, this suit was filed against the Kentucky River Coal & Feed Company, the two indorsers, and the wife of one of the indorsers, seeking to recover a judgment for the face value of the note and to establish a lien against the property of the indorser

whose wife was joined. The note having been placed on the footing of a bill of exchange, the indorsers pleaded the 5-year Statute of Limitations (Ky. Stats. sec. 2515) and laches on the part of appellee. Various other defenses not here material were likewise asserted.

The circuit court gave judgment in favor of appellee against the maker and indorsers, but declined to decree a lien on the property sought to be subjected thereto by appellee. The maker, Kentucky River Coal & Feed Company, made no defense in the circuit court, and did not pray, nor was it allowed, an appeal. It is therefore not before us, and we are not concerned with the judgment against it in any way. Appellee has prosecuted a cross-appeal from so much of the judgment as refused to grant her a lien, but, in view of our determination of the question presented by the original appeal, it is unnecessary for us to consider the question thus tendered.

It is argued by appellee that the effect of waiver of "demand, protest, and all legal diligence to enforce collection," was to make the indorsers equally and jointly liable with the maker of the note, and that the payment of the annual interest thereon by the maker tolled the running of limitations in favor of the indorsers as well as the maker. It is not contended, and could not be contended on the record before us, that the indorsers have done anything since placing their signatures on the back of the note which might be interpreted as a waiver of the right to plead limitations. There is some evidence of a claim that a new promise was made by one of them, but there is nothing in the pleadings to support such an assertion, and appellants deny that any such promise was given. We are concerned, therefore, simply with the question of the interpretation to be placed on the words contained in the note on which the suit is based.

Statutes of limitation are statutes of repose, and it is the rule in this state that contracts undertaking to fix a longer period of limitation than that established by the statute are against public policy and are void. Wright v. Gardner, 98 Ky. 454, 33 S. W. 622, 35 S. W. 1116, 17 Ky. Law Rep. 1345; Bates' Adm'r v. Lockery, 241 Ky. 498, 44 S. W. (2d) 589, 590; First National Bank v. Mock, 70 Colo. 517, 203 P. 272, 21 A. L. R. 770. If we are to understand appellee's contention that the

waiver of "legal diligence to enforce collection" was in fact a waiver of the right to plead limitations, then the answer is obvious. Such an agreement is void.

However, we do not consider the words used to concern the statute of limitations at all. In order to fix the liability of indorsers, it is ordinarily necessary to make due presentment for payment and to furnish notice of dishonor upon the nonpayment of the instrument in accordance with and at the times required by law. These are matters which may be waived, and, as we interpret the instrument, were all the matters that were waived by the words used. Liberty Bank & Trust Company v. Hand, 269 Ky. 342, 107 S. W. (2d) 285. The mere fact that the indorsers waived compliance with the formal steps requisite to fix their liability did not change their characters from parties secondarily liable into makers. The maker is still the party ultimately responsible on the instrument. He could not ask contribution from these claimed co-makers, nor could they thus procure contribution amongst themselves. The trial court recognized this fact to the extent that he gave judgment to appellee Edwards against his prior indorser, Lisle.

The case of Bates' Adm'r v. Lockery, supra, is in point. In that case the note contained this provision:

"The sureties, guarantors and endorsers herein agree to the extension of this note without notice upon payment of interest. The parties to this note generally and severally waive protest and notice of protest."

It was held in that case that the mere acceptance of interest from the principal after maturity without more did not avoid the surety's plea of limitations, and that the words contained in the note did not amount to a waiver of his right to rely thereon.

There is nothing in the note before us nor in the record from which we can imply a waiver of the statute by appellants. It follows that the trial court erred in failing to sustain the plea of limitations interposed by them, and the judgment against them was improper under the circumstances.

The judgment is reversed on the original appeal, and affirmed on the cross-appeal.