## Citizens Bank of Shelbyville v. Hutchison.

(Decided Feb. 18, 1938.)

TODD & BEARD for appellant.

GEORGE L. WILLIS, JR., for appellee.

OPINION OF THE COURT BY CHIEF JUSTICE STITES— Affirming.

This action was brought by the appellant, Citizens Bank of Shelbyville, against A. O. Hutchison and Homan Hutchison. upon two promissory notes, one for $211.61 and one for $1,100. Only the $1,100 note is involved on this appeal. This note was executed on January 25, 1926, by A. O. Hutchison and Homan Hutchison, and was made payable one year after date. It is conceded that Homan Hutchison, the only appellee on this appeal, signed the note as surety. The maker is bankrupt. The interest on the note was regularly paid after maturity until 1931. This suit was filed in January, 1936, and the appellee surety has pleaded the seven-year statute of limitations, Kentucky Statutes, sec. 2551, in defense against his liability on the note. The circuit court sustained this plea, and the propriety of this ruling is the only question presented.

It was provided in the note that "sureties and endorsers waive notice, protest and extensions of time of payment." Appellant insists that this phrase in the note operated as a waiver of the surety's statutory rights and that the circuit court erred in dismissing the petition to this extent.

We had occasion in the recent case of Kentucky River Coal & Feed Company v. McConkey, 271 Ky. 261,

111 S. W. (2d) 418, 419, to consider the application of similar words in a note in so far as they affected indorsers. It was there pointed out that contracts undertaking to fix a longer period of limitation than that established by the statute are void, and it was held that a waiver of "legal diligence to enforce collection" was not to be considered as a waiver of the statute of limitations. So, in the case at bar, the waiver of "extension of time of payment" was a waiver simply of the surety's right to claim an immediate release from liability upon a mere indulgence to the maker. Lynn v. Young, 257 Ky. 358, 78 S. W. (2d) 25. There can be no doubt but that the cause of action against the surety accrued upon the maturity of the note in January, 1927. As pointed out in Bates' Adm'r v. Lockery, 241 Ky. 498, 44 S. W. (2d) 589, 590, where, as here, there was no allegation of an extension of time based upon a new consideration:

> "Mere passive indulgence of the principal will not release the surety, although interest is paid to the end of each year, as acceptance by the payee of interest for the preceding year does not imply an agreement upon his part not to sue for another year, and does not take from the surety the right to compel the holder of the note to sue at any time."

So far as the record before us is concerned, there is nothing upon which to base a conclusion that there was here anything more than mere passive indulgence of the principal and nothing from which we might infer the suspension of the running of limitations once the cause of action had accrued. It follows that the ruling of the circuit court was correct.

Judgment affirmed.